UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIREILLE P. LEROY,

            Plaintiff,

           - against -

NEW YORK CITY BOARD OF ELECTIONS
and OTHERS UNKNOWN,

           Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-cv-3952-ENV-LB

**VITALIANO, D.J.**

*Pro se* plaintiff Mireille P. Leroy commenced this action on September 15, 2009 -- primary day in New York City -- against the defendant Board of Elections in the City of New York (the "BOE"). Leroy alleges that the BOE's decision to bar her name from the primary ballot -- she previously had sought to be listed as a candidate for the Democratic Party's nomination for New York City Council in the 28th Council District -- violated her constitutional rights and federal law.

The papers plaintiff originally filed on primary day sought, as a remedy for the BOE's allegedly improper conduct, a court order requiring the defendant to add her name to the November 3, 2009 general election ballot. In a Memorandum and Order dated September 21, 2009 (the "September 21 opinion"), the Court, *inter alia*, denied on the merits Leroy's request for this injunctive relief, but granted her leave to file an amended complaint seeking the same. Importantly, however, this grant of leave was accompanied by significant restrictions. For the reasons explained more fully in the September 21 opinion, the Court specifically limited Leroy's right to replead her claim for injunctive relief regarding the general election ballot. The

limitation was that any claim seeking such relief be based on nonfrivolous allegations that the BOE had "interfered with any effort she has made to appear on the general election ballot by way of independent nomination, see N.Y. Elec. Law § 6-138 et seq." September 21 opinion at 5 n.4.

Now before the Court is a new round of pleadings from plaintiff: a timely filed amended complaint, a proposed order to show cause, and a motion for a temporary restraining order and a preliminary injunction, all of which seek, among other things, an order requiring the BOE to place plaintiff's name on the general election ballot.[1]

Fatally for this request, nowhere does Leroy identify how the BOE interfered with any effort she has made to place her name on the general election ballot as an independent candidate under the laws governing such nominations. The bulk of plaintiff's new complaint alleges, just as the old pleading did, that the BOE violated her rights with respect to the candidate designation process for the September primary. Whether or not that is the case, the Court has already held, in adjudicating the injunction request contained within the first set of pleadings, that this alleged misconduct does not permit injunctive relief in the general election. September 21 opinion at 4-5. Thus, plaintiff cannot simply rely upon such allegations for that purpose here.

Nor does the single paragraph of the new complaint that conflates the designation process for the primary with the procedure for independent nominations change the equation. (Am. Compl. ¶ 32.) Leroy was free, under New York law, to file a conforming petition for independent nomination for the 28th Council District seat -- separate and apart from any effort to secure a place on the Democratic Party primary ballot -- as late as August 18, 2009 (22 days after she was advised by defendant of its finding that she did not qualify for the primary ballot). N.Y. Elec. Law § 6-158(9). She does not allege that she made any attempt whatsoever to do so, much

---

[1] The other claims contained within the new pleading need not be and are not addressed by the Court in this Memorandum and Order.

2

less that the BOE interfered in such an attempt. Instead, she again and solely complains about misconduct infecting the designation process for the primary conducted more than three weeks ago. These allegations do not support the issuance of an injunction for the general election, and plaintiff's conclusory assertion to the contrary is insufficient to alter that conclusion. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## III. CONCLUSION

For the foregoing reasons, the Court declines to sign Leroy's order to show cause, denies her request for a temporary restraining order, denies her motion for a preliminary injunction, and dismisses with prejudice that portion of her amended complaint which seeks injunctive relief in relation to the November 3, 2009 general election. The Court expresses no opinion on the viability of plaintiff's claims for damages. In light of plaintiff's *in forma pauperis* status, the Court directs the United States Marshals Service to serve copies of the amended complaint and this Memorandum and Order on the defendant forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 7, 2009

ERIC N. VITALIANO
United States District Judge